FILED BY ___ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 MAY -3  PM 2: 27

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D OF TN, MEMPHIS

TIJUANA BOSWELL,

    Plaintiff,

v.                                                  No. 04-3028 B

IKON OFFICE SOLUTIONS,

    Defendant.

---

ORDER OF DISMISSAL

---

This lawsuit was brought by the pro se Plaintiff, Tijuana Boswell, on December 20, 2004 alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. On March 29, 2005, this Court entered an order denying the Plaintiff's request to proceed in forma pauperis and directing her to pay the $150 civil filing fee in this matter within 30 days of the entry thereof. The Court admonished Boswell that "[f]ailure to timely comply with this order will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute." (Order Denying Leave to Proceed In Forma Pauperis and Order Directing Pl. to Pay the Civil Filing Fee at 2.) According to the Court's docket, no filings have been made by the Plaintiff since the entry of the March 29, 2005 order.

Rule 41(b) of the Federal Rules of Civil Procedure provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on 5-9-05



supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that her failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, as outlined above, the Plaintiff has failed to pay the filing fee as directed by the Court in the time set forth in the March 29 order and, thereby, has failed to make any attempt to

2

move this case forward. Clearly, the necessity of monitoring a case that the Plaintiff has permitted to languish works some hardship on the Defendant. In addition, the Plaintiff was cautioned in no uncertain terms by the Court that failure to comply with its directive would result in dismissal.. Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiff's failure to prosecute this matter.

Based on the foregoing, the Plaintiff's lawsuit is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 3rd day of May, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:04-CV-03028 was distributed by fax, mail, or direct printing on May 9, 2005 to the parties listed.

Tijuana Boswell
P.O. Box 820173
Memphis, TN 38182--017

Honorable J. Breen
US DISTRICT COURT